## UNDERHILL *et al. v.* RAMSEY.

*(Supreme Court, General Term, Fifth Department.*   October, 1888.)

1. SALE—FRAUD—RESCISSION—ACTIONS—ELECTION.

The commencement of an action for goods sold and delivered by one who believes that defendant perpetrated a fraud upon him in making the purchase, is not such an affirmance of the sale as to prevent a recovery of the goods for the fraud, where it does not appear that the facts were then known to plaintiff, and especially where the action was abandoned before judgment.[1]

2. SAME—FRAUD—INSOLVENCY—EVIDENCE.

In replevin against an assignee for benefit of creditors, based upon fraudulent representations by the assignor as to his solvency on the purchase of the goods in suit from plaintiff, judgments recovered after the assignment are not evidence of insolvency at the time of the purchase, but their admission is harmless when it appears from the schedule and other evidence that the debts upon which they were recovered existed at that time, and no attempt is made to prove the contrary, and no exception is taken to a statement in the charge that defendant does not allege that the assignor was then solvent.

Appeal from circuit court, Cattaraugus county.

Replevin by Underhill and others against Ramsey for goods alleged to have been procured from plaintiffs by defendant's assignor for benefit of creditors, by means of fraudulent representations.   The verdict was for plaintiffs, and motion for new trial on the judge's minutes was overruled.   Defendant appeals.

Argued before BARKER, P. J., and HAIGHT, BRADLEY, and DWIGHT, JJ.

*F. W. Kruse* and *Alexander Cummings,* for appellant.   *Cary & Rumsey,* for respondents.

BARKER, P. J.   The plaintiffs are hardware merchants doing business in the city of New York, and on the 20th day of September, 1884, sold and delivered the goods in question to Chester A. Tousey, a merchant doing business in Olean.   This was his first purchase from the plaintiffs, and at that time they were ignorant of his financial condition, and the goods sold amounted to $918, all of which were placed by Tousey in his store for sale. On the 3d day of November following, he made a general assignment of all his property to the defendant, in trust for the benefit of his creditors, making preferences in order of their payment.   The plaintiffs claim that Tousey made statements and representations to them at the time of the purchase, as to his financial condition, upon which they relied, and were induced thereby to sell the goods on credit; and that such statements were false, and Tousey knew them to be untrue; and that he intended to cheat and defraud them, and never pay for the goods purchased.   The evidence produced on the trial fairly supports the plaintiffs' side of the case, and, if none of the exceptions taken to the rulings of the court were well taken, the verdict must be sustained, and the motion for a new trial denied.

The allegation of fraud is based upon the statement which the plaintiffs claim Tousey made at the time of the purchase, that he was perfectly solvent and able to pay for the goods he might purchase, and that the statement was false.   On the trial the plaintiffs offered in evidence several judgment rolls wherein Tousey was defendant, and the respective plaintiffs therein were his creditors, in which the suits were commenced and the judgments entered on default after making of the assignment.   In presenting this evidence the plaintiffs' counsel stated that the object and purpose of the proof was to es-

---

[1] The fact that a vendor, in ignorance of the vendee's fraud in procuring the sale, proceeds to judgment for the purchase price, will not preclude him, on subsequently discovering the fraud, from rescinding the sale, bringing an action to recover the goods.   Kraus v. Thompson, (Minn.) 14 N. W. Rep. 266.   See, in general, on the subject of fraud as ground for rescission of sales, Thompson v. Peck, (Ind.) 18 N. E. Rep. 16, and note; Wollner v. Lehman, (Ala.) 4 South. Rep. 643, and note.

tablish Tousey's insolvency at the time the goods were purchased. The defendant objected to the evidence on the ground that, after the assignment was made and delivered, Tousey had no interest in the goods, and that the judgments were not competent evidence that such indebtedness existed at the time the purchase was made. The objection was overruled, and the defendant excepted. Standing alone, we think the evidence was incompetent to prove Tousey's insolvency at the time of the purchase. The judgments were conclusive evidence, as against Tousey, that he owed the debts upon which the actions were founded; but, as against the defendant, the assignee, they were not evidence, in and of themselves, that such indebtedness existed at the time the goods in dispute were sold by the plaintiffs to Tousey. The several judgments were either entered on default or upon Tousey's confession; and, as evidence bearing upon the issue in this action, they were in the nature of admissions by Tousey that he owed the debt upon which the respective actions were founded. We think the ruling was erroneous within the rule that the declarations and admissions of the assignor made after the assignment and transfer of the goods to the possession of the assignee, are incompetent. *Coyne* v. *Weaver*, 84 N. Y. 386.

But it is manifest that this evidence was unimportant to the plaintiff, upon the issue of fraud, and for the purpose of establishing Tousey's insolvency at the time of the purchase, and we think a new trial should not be granted for this error. Most of the items of indebtedness, on which the judgments were rendered, were mentioned in the schedule attached to the assignment; and there was other independent and direct proof showing, as a matter of fact, that Tousey owed these several debts at the time he made the purchase. Tousey was called and examined as a witness by the defendant, after the judgment rolls were received in evidence, and no attempt was made to prove that these debts were not created before he purchased the goods from the plaintiff. The tenor of all the evidence is that Tousey's insolvency antedated the purchase. In submitting the case to the jury, the learned judge stated, in substance, that the defendant did not claim that Tousey was solvent at the time of the purchase, but that his defense was that Tousey did not perpetrate a fraud upon the plaintiffs in making the purchase. To this part of the charge the defendant took no exception, and the failure to do so indicates a concession by the defendant that Tousey was insolvent as a matter of fact, as claimed by the plaintiffs. It is quite clear to our minds, after a careful perusal of all the evidence, that the reception of the judgment rolls did not strengthen this part of the plaintiffs' case, and produced no injury to the defendant, and the verdict of the jury upon the question of solvency must have been the same without the aid of this class of evidence.

Within a few days after the assignment, an action was commenced in this court in the name of the plaintiffs against Tousey, on their account, for goods sold and delivered, and the summons and complaint were personally served; but Tousey never appeared in the action, nor was any judgment ever entered therein. Other evidence relative to the circumstances under which such action was commenced was produced on the trial by both parties. At the close of all the evidence the defendant moved that a verdict be directed in his favor on the ground that the commencement of the said action was an affirmance by the plaintiff of the contract of sale, and was an election on their part to pursue that remedy, and a waiver of the right, if they had any, to reclaim the goods, on the ground of Tousey's fraud in making the purchase. We think a question of fact was presented by the evidence whether the plaintiffs knew, at the time of the commencement of the action on the account, of the facts on which they now rely as proof of the fraud alleged, and the motion was properly denied. One of the plaintiffs, as a witness, admitted that, before the commencement of the action, he believed, and had reason to believe, that a fraud had been perpetrated on the plaintiffs by Tousey in making the pur-

chase, and that what he had learned since that time confirmed his impression on that point; but he does not confess, nor is there any evidence conclusively establishing, that he knew the fact that at the time the purchase was made Tousey was insolvent, and unable to pay his debts, or that he was informed of the nature and value of his assets, so that the fact could be established that the statements made at the time of the purchase were false and fraudulent. The court charged the jury in accordance with the defendant's view of the law, and stated to them that if they found that the plaintiffs, with knowledge of the fraud now alleged against Tousey, commenced an action against him for the purchase price, they could not recover in this action, and their verdict would be for the defendant. The jury were justified in reaching the conclusion that the plaintiffs were ignorant of the fact when the action was commenced which now supports the charge of fraud imputed to Tousey. The party to a contract, after the same is concluded, may have many reasons for believing that he has been imposed upon and cheated by the other party thereto, and at the same time be ignorant of the particular fact or facts upon which the charge of fraud could be sustained as a matter of law. It was held by a majority of this court in the case of *Foundry Co.* v. *Hersee,* 33 Hun, 169, that the commencement of an action on a contract, for the purpose of enforcing the same according to its terms, after the plaintiff had full knowledge that a fraud had been perpetrated by the defendant in procuring the contract, was not an election to waive the fraud, if the action was discontinued or abandoned before judgment, and the plaintiff had derived no benefit or advantage by the commencement of the suit. Here the plaintiffs abandon their action on the contract before the verdict was rendered herein, and we have a state of facts, bearing on the question under consideration, precisely as they were in the case referred to. We are unable to find any decision rendered by any of the courts of this state, since the case was decided, which is in conflict therewith; and we accept it as an authority that the plaintiff is not estopped, by the commencement of the action on the contract, from seeking to recover the goods on the ground that no title passed by reason of the alleged fraud. That case was appealed to the court of appeals, and the judgment affirmed, (9 N. E. Rep. 487;) the court expressly declining to pass upon the question of estoppel, as affirmed by this court. So if it did appear on the trial, as the defendant contends, that when the action was commenced upon the contract the plaintiffs were informed of the facts upon which they now rely in support of the charge of fraud, the refusal to direct a verdict in the defendant's favor was correct, and the exception under consideration was not well taken. We have examined the other exceptions taken to the reception of evidence, and fail to discover any error. The order appealed from should be affirmed. All concur.